IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:09-cv-00502-W

| | |
|---|---|
| JOHN CHUBIRKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BETTER BUSINESS BUREAU OF ) | |
| SOUTHERN PIEDMONT, INC., SUE ) | |
| BRECKENRIDGE, RICK JACKSON, ) | |
| GREATER MEDIA, INC., PETER H. ) | |
| SMYTH, EDWARD R. NOLAN, JR., ) | |
| ELLEN J. RUBIN, RICHARD D. ) | ORDER |
| FEINBLATT, MILFORD K. ) | |
| SMITH, JOSEPH MCKEVITZ, BRANT ) | |
| BOYINGTON, HEIDI RAPHAEL, BUZZ ) | |
| KNIGHT, TOM BENDER, JAY ) | |
| ASHENDORF, in his personal capacity only, ) | |
| PETER GILCHRIST, in his personal ) | |
| capacity only, ) | |
| ) | |
| COUNCIL OF BETTER BUSINESS ) | |
| BUREAUS, INC., THE COCA COLA ) | |
| COMPANY, EQUIFAX, FORD MOTOR ) | |
| COMPANY, GENERAL MILLS, ) | |
| INC., HERSHEY FOODS, INC., ) | |
| HEWLETT PACKARD, ) | |
| INTERNATIONAL BUSINESS ) | |
| MACHINES, INC. (IBM), KIMBERLY ) | |
| CLARK, KRAFT FOODS, MCKINSEY ) | |
| AND CO., NEILSEN ONLINE ) | |
| STRATEGIC SERVICES, PROCTOR & ) | |
| GAMBLE, QUAKER OATS, VERIZON ) | |
| COMMUNICATIONS, VISA, INC., ) | |
| ) | |
| Defendants. ) | |

THIS MATTER comes now before the Court upon Plaintiff's Motions for Entry of Default (Docs. Nos. 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45). For the reasons set forth, the Motions for Entry of Default are DENIED. The Court has a duty to review the record, and it appears that

Plaintiff, who is *pro se*, has failed to execute proper service upon Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff attempted service on all Defendants by serving either the Council of Better Business Bureaus, Inc. or the Better Business Bureau of Southern Piedmont (See Docs. Nos. 4, 5, 6, and 7). Because *pro se* Plaintiff has woefully fallen short of the requirements of Rule 4, the Court cannot in good faith allow default to be entered. See Scott v. District of Columbia, 598 F.Supp.2d 30, 36 (D.D.C. 2009) (recognizing "default cannot be entered where there was insufficient service of process"); Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (noting "it is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant"); Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 685 (N.D. Iowa 1995) (default judgment is not proper where the record indicates defendants have never been properly served).

The Court reminds the *pro se* Plaintiff that he is responsible for having the summons and complaint served in accordance with Rule 4. Any person who is at least 18 years old and not a party may serve a summons complaint. See 4(c)(2). Service upon an individual must be executed in the manner proscribed by Rule 4(e):

> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>> (B) leaving a copy of each at the individual's dwelling or usual place of

abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Service upon a corporation, partnership, or association must follow Rule 4(h):

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Plaintiff has until 120 days after filing his complaint, or **by Wednesday, March 24, 2010**, to properly serve any Defendants in accordance with Rule 4. If a defendant is not properly served, then the Court may be forced to dismiss the action against that defendant. As a result, the Court will not address pending Rule 12 motions until it is clear who the Defendants are in this case, which will likely follow the March 24 deadline. The Plaintiff is reminded of his responsive burden for a *pro se* party in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The specific language of Roseboro addressed the responsive burden for a *pro se* party in the context of a motion for summary judgment, but the Court feels compelled to provide Plaintiff notice of the similar burden he carries to show proper service of process and both personal and subject matter jurisdiction. Plaintiff may file response briefs to the pending Rule 12 motions in accordance with the Court's standing order by Friday, April 23, 2010. Failure to respond may

result in the Court dismissing the action.

The Clerk is directed to send a copy of this Notice to Plaintiff at 1362 Poplar Glen Drive, Kannapolis, NC 28078, which is Plaintiff's address of record.

IT IS SO ORDERED.

Signed: January 14, 2010

Frank D. Whitney
United States District Judge