# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:09cv502

| | |
|---|---|
| JOHN CHUBIRKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BETTER BUSINESS BUREAU OF ) | |
| SOUTHERN PIEDMONT, INC.; *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Rule 11 Sanctions Against Moore and Van Allen (#51). Such motion was specifically referred to the undersigned for resolution. The court also has before it defendants Sue Breckenridge's and Jay Ashendorf's Motion to Set time to Answer or Otherwise Respond to Plaintiff's Verified First Amended Complaint (#54). Each motion will be disposed of *seriatim.*

**I.** **Motion for Sanctions**

In substance, plaintiff contends that the law firm of Moore & Van Allen has violated Rule 11, Federal Rules of Civil Procedure, by including in their "Motion for Extension of Time to File Answer or Otherwise Respond to Verified First Amended

-1-

Complaint" (which was filed on behalf of defendants Better Business Bureau of Southern Piedmont, Inc., and Council of Better Business Bureaus, Inc.) arguments concerning improper service as well as annexing correspondence. Plaintiff, who is not an attorney and is proceeding *pro se*,[1] argues that such motion was a "subterfuge that constitutes a responsive pleading" and that *Moore & Van Allen* violated "Rule 11(b)(1), (2) in that MVA used the motion for an improper purpose and with full knowledge that a motion for extension of time cannot and should not be used to argue Defendant's [*sic*] case." Motion, at ¶ 10. While invoking Rule 11, plaintiff does not mention that he first provided counsel for defendants with a "safe harbor" letter, which is a prerequisite under Rule 11.

Because Rule 11 cannot be properly invoked in these circumstances, the court has, instead, construed the motion to be one to strike surplusage from the motion. See Fed.R.Civ.P. 12(f). Having been the judge who disposed of the underlying motion, the court recalls that additional arguments which plaintiff calls into question relate to alleged improper process and/or service of process. The inclusion of such additional information, while not entirely necessary to secure the relief sought, was not out of place, unusual, or improper. Indeed, Rule 12(b) requires that insufficient

---

[1] The court notes plaintiff's status solely for the purpose of liberal construction of such a litigant's pleadings, as required by the Court of Appeals for the Fourth Circuit.

process and insufficient service of process be plead before filing a responsive pleading or they are lost. Fed.R.Civ.P. 12(b). Plaintiff is advised that it is a common and accepted practice for attorneys, who are cautious by nature, to take the extra step of "preserving" relevant Rule 12(b) motions even when they file a routine motion for extension of time to answer or otherwise respond.

Finally, by placing such description in the motion plaintiff simply cannot claim he was harmed inasmuch as such advance notice of problems with service would give a prudent plaintiff an opportunity he may not otherwise have had to perfect service before the dispositive motion is filed or the time for service has run. Having considered plaintiff's motion in a light most favorable to him, and again reviewed the challenged motion to determine whether impertinent, redundant, immaterial, or scandalous matter has been filed, and finding none, the court will deny the requested relief.

## II. Motion to Set Deadline for Answer or Other Responsive Pleading

The court has also considered Sue Breckenridge's and Jay Ashendorf's Motion to Set Time to Answer or Otherwise Respond to Plaintiff's Verified First Amended Complaint (#54). The problem that these defendants have encountered is that they, too, contend that plaintiff failed to effectuate proper or sufficient service; they, however, are uncertain of when their answer or other responsive pleading is due

inasmuch as they contend that the date of improper service is not a starting point under Rule 6. In docket entries #4 and #6 plaintiff contends that he served these defendants on December 9, 2009, making answers due to be filed not later than December 30, 2009. Defendants allege that while they are sued individually, plaintiff's method of service was to leave the complaint and a summons at certain places of business, which is insufficient under Rule 4. See Fed.R.Civ.P. 4. Defendants further allege that in writings sent to plaintiff, they have offered to accept service, but such offers have gone unanswered.

The clear purpose behind the requested extension is to avoid unnecessary entry of default or the premature filing of a motion to dismiss based on service inasmuch as they have offered to accept service. Finding that the proposed extension of time to answer or otherwise respond is reasonable inasmuch as it fully conforms with the efficiency requirements of Rule 1, the requested relief will be granted.

\* \* \*

Finally, while plaintiff has an absolute right under federal law to represent himself, he is respectfully advised that such a course of action is not advisable as important legal rights may be at stake. The Federal Rule of Civil Procedure as well as the Local Civil Rules are difficult to navigate, and what may appear to a layman to be bad thing, such as an offer from an attorney to accept service, may well enure

to plaintiff's legal benefit. Plaintiff may seriously wish to consider hiring an attorney to assist him in this matter.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Rule 11 Sanctions Against Moore and Van Allen (#51) is **DENIED**, and defendants Sue Breckenridge's and Jay Ashendorf's Motion to Set Time to Answer or Otherwise Respond to Plaintiff's Verified First Amended Complaint (#54) is **GRANTED**, and such defendants are allowed up to and inclusive of February 2, 2010, to so Answer or otherwise respond.

Signed: January 14, 2010

Dennis L. Howell
United States Magistrate Judge