IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cv-502-W

| | |
|---|---|
| JOHN CHUBIRKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BETTER BUSINESS BUREAU OF ) | |
| SOUTHERN PIEDMONT, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave of Court to Amend his Complaint (Doc. No. 147).[1] Plaintiff is a *pro se* litigant and previously has amended his Complaint prior to the filing of responsive pleadings in this matter. Plaintiff now requests leave to amend his Complaint to clarify his allegations in the face of Rule 12 dismissal. The Court is guided by Fed. R. Civ. P. 15(a)(2), which states courts "should freely give leave when justice so requires." See also HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1972). Defendants' argue such an amendment would be futile, and the Court recognizes Defendants' argument may have merit. However, the Court cannot make such an absolute determination based on the information before it at this time. Accordingly, the Court GRANTS Plaintiff's Motion for Leave to Amend his Complaint (Doc. No. 147). Plaintiff has until **Wednesday, June 30, 2010,** to amend his Complaint, and the Court will not allow an extension beyond this date. Defendants are directed to timely refile responsive pleadings following receipt

---

[1] The Court notes that Plaintiff's request to amend his Complaint was submitted in his untimely response to Defendants' motions to dismiss, and was not docketed as a separate motion. However, the Court will treat this request as a separate motion from his response.

of Plaintiff's amended complaint.

IT IS SO ORDERED.

Signed: June 16, 2010

Frank D. Whitney
United States District Judge