# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09-cv-00502-FDW-DLH

| | |
|---|---|
| **JOHN CHUBIRKO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **ORDER** |
| ) | |
| **BETTER BUSINESS BUREAU OF** ) | |
| **SOUTHERN PIEDMONT, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

THIS MATTER is before the Court *sua sponte* following the filing of multiple motions to dismiss by Defendants (Docs. Nos. 158, 161, 165, 167, 169, 171) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, wherein Defendants have moved the Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In addition to these bases, Defendant Verizon Communications Inc. has moved to dismiss Plaintiff's Complaint pursuant to 12(b)(2) for lack of personal jurisdiction. (Docs. Nos. 169, 170). Further, Defendant Procter & Gamble renewed its Motion to Dismiss (Doc. No. 120) pursuant to Rules 4(m), 12(b)(2), 12(b)(4), and 12(b)(5) based on lack of personal jurisdiction and insufficient service of process. (Doc. No. 166).

The Court has previously notified Plaintiff at least twice of the burden he carries in responding to Defendants' motions to dismiss. (Doc. No. 58 and Doc. No. 146). However, since the Court allowed Plaintiff to amend his Complaint and instructed Defendants to re-file responsive pleadings, the Court re-issues this notice out of abundance of caution.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he carries the burden to show proper service of process and that both personal and subject matter jurisdiction exist. Plaintiff is also reminded that in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). **Plaintiff should file a response to the pending motions** (Docs. Nos. 158, 161, 165, 166 (renewing motion Doc. No. 120), 167, 169, 171) **in accordance with the Court's standing orders by Monday, August 23, 2010. Failure to respond may result in the Court dismissing the action**.

Plaintiff is also notified that the Court is not inclined to grant any extensions beyond this date since the pending motions are similar to those previously filed, and the Court has already provided Plaintiff an additional three weeks to respond.[1]

The Clerk is directed to send a copy of this Notice to Plaintiff at 1362 Poplar Glen Drive, Kannapolis, NC 28083, which is Plaintiff's address of record.

IT IS SO ORDERED.

Signed: August 2, 2010

Frank D. Whitney
United States District Judge

---

[1] Plaintiff's original response date to the pending motions to dismiss ranged from August 2, 2010, to August 5, 2010.